UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Cause No. 1:23-CR-45-HAB |
| ) | |
| MYNAE COLE ) | |

**OPINION AND ORDER**

Defendant pleaded guilty to delivering 1,000 fentanyl pills to a confidential human source ("CHS"). The probation officer enhanced her base offense level by 2 levels under U.S.S.G. § 2D1.1(b)(1), finding that she possessed a dangerous weapon. Although Defendant first filed a notice of no objection (ECF No. 30), she orally objected to the enhancement at sentencing. (ECF No. 37). That objection has now briefed out (ECF Nos. 38-40) and the objection is ripe for ruling.

**I.     Factual Background**

In December 2022, Defendant, acting on behalf of another individual, delivered pills with a net weight of 109.6 grams of fentanyl to a CHS in exchange for $2,000.00. The parties agree that there is no evidence Defendant was armed during this transaction.

Two weeks later, law enforcement executed a search warrant at Defendant's home. Officers found a loaded handgun, a loaded ammunition magazine, and an empty extended ammunition magazine on a coffee table in the living room. In separate rooms, officers found a black safe containing plastic bags with suspected fentanyl residue and a pink suitcase containing more residue-stained plastic baggies, ammunition, a gun box, and "other indication of narcotics activity."

**II.     Legal Analysis**

As noted above, Defendant challenges imposing a two-level enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). Both sides rely on Application Note 11 to the Guidelines section which provides that "[t]he enhancement should be applied if the weapon is present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.11). The dispute is whether a dangerous weapon was "present" during an enumerated drug offense.

Section 2D1.1(b)(1) requires active or constructive possession of a firearm. *See United States v. Griffin*, 150 F.3d 778, 786 (7th Cir. 1998), citing *United States v. Wetwattana*, 94 F.3d 280, 283 (7th Cir.1 996). Constructive possession exists when a person exercises control over the firearm. *See Wetwattana*, 94 F.3d at 283. Further, a defendant need not possess the gun during the offense of conviction but may possess it during relevant conduct. *See Wetwattana*, 94 F.3d at 283, citing *United States v. Anderson*, 61 F.3d 1290, 1303-04 (7th Cir. 1995). The government must prove that this enhancement is warranted by a preponderance of the evidence. *Wetwattana*, 94 F.3d at 283.

Defendant's argument boils down to her assertion that it is "incumbent upon the Government to first demonstrate that the weapon was present on December 29, 2024[,] during the drug distribution." (ECF No. 39 at 2). But that's not right. As noted above, the enhancement applies when "a gun was possessed during the commission of the offense or during relevant conduct." *See United States v. Jones*, 56 F.4th 455, 499 (7th Cir. 2022); U.S.S.G. § 1B1.1, n. 1(H) (defining "offense" as "the offense of conviction and all relevant conduct"). That Defendant didn't possess the weapon during the controlled buy does not decide the application of the enhancement.

2

Despite initially advocating the enhancement, the Government on reply states that, based on its review of the definition of "offense" in U.S.S.G. § 1B1.1, it "does not believe the facts support the imposition of a two-point enhancement." (ECF No. 40 at 2). The Government does not tell the Court what about its review leads it to this conclusion, so the Court is left to guess.

There is no dispute that law enforcement found a loaded firearm at Defendant's home, and Defendant does not argue that she did not "possess" this weapon. But even though the presence of a firearm at a residence can support the enhancement, it is not enough. Instead, there must also be evidence to connect drug activity to the weapon. *See*, *e.g.*, *United States v. Rollins*, 544 F.3d 820, 837–38 (7th Cir. 2008) (firearm found in same bedroom as drug paraphernalia, evidence of drug trafficking in kitchen); *United States v. Womack*, 496 F.3d 791, 798 (7th Cir. 2007) (defendant conducted drug transactions at home, gun found near large stash of money); *United States v. Berkey*, 161 F.3d 1099, 1002 (7th Cir. 1998) (co-conspirator testified that defendant possessed firearm during multiple drug transactions).

Although the Court finds the matter closer than the parties, it agrees that the evidence to connect drug activity to the weapon is lacking. The weapon was not found in the same room as the drug trafficking evidence. There is no evidence that Defendant conducted drug transactions at the home. And there is no testimony from anyone that Defendant possessed the weapon during a drug transaction. Common sense tells the Court that it was not a coincidence that Defendant possessed a firearm in the same home as fentanyl-laced baggies, but that does not take the place of evidence establishing a connection. That connection is missing, so Defendant's objection is well-taken.

**III.   Conclusion**

For these reasons, Defendant's objection to the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) is SUSTAINED. The probation officer is DIRECTED to prepare an amended presentence investigation report consistent with this Opinion and Order.

SO ORDERED on November 6, 2024.

                                           s/ *Holly A. Brady*
                                           CHIEF JUDGE HOLLY A. BRADY
                                           UNITED STATES DISTRICT COURT